UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| FLOY L. O'NEAL | * | CIVIL ACTION NO. 17-7901 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "I"(1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| | * | |
| METRO PCS | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Floy L. O'Neal field the above captioned matter in this Court in which he claims that an attendant of defendant Metro PCS broke his cell phone when he brought the phone in to a Metro PCS store to buy telephone service. For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file his compliant in state court.

On August 18, 2017, this Court granted Mr. O'Neal's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court further ordered the Clerk of Court to withhold summons in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Further, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion

of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

On the face of the complaint, there is no federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff, a Louisiana resident, asserts tort claims against the defendant, who is alleged to be an entity headquartered in Texas.[1] The only possible basis for jurisdiction is 28 U.S.C. § 1332. In order for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of the plaintiff must be different from the citizenship of the defendant and the amount in controversy must be in excess of $75,000. 28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). The amount in controversy is determined by consideration of the complaint itself. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

Mr. O'Neal does not specify a dollar figure associated with his purported damages. However, the only injury he alleges is the damage to his cellular phone. By no stretch of the imagination could such damages exceed $75,000. Thus, his Complaint fails to meet the amount in controversy requirement of 28 U.S.C. § 1332, and he cannot establish diversity jurisdiction even if the parties are completely diverse. The Court lacks subject matter jurisdiction over O'Neal's claims.

Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction and without prejudice to any right the plaintiff may have to file his complaint in state court.

---

[1] Mr. O'Neal does not allege what type of entity Metro PCS is or where it is domiciled.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 1st day of September, 2017.

_____
Janis van Meerveld
United States Magistrate Judge